UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANGELA PATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  4:15-cv-183 |
| | ) |
| LIFETIME RESOURCES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Angela Patrick ("Patrick"), brings this action against Defendant, LifeTime Resources, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA").

**PARTIES**

2. Patrick has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Patrick was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Patrick is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Patrick satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued a "Dismissal and Notice of Rights" to Patrick.  She now timely files her lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Patrick was diagnosed with a debilitating back impairment, including, but not limited to, spinal stenosis and deteriorating lumbar disks.

11. Her debilitating back impairment has substantially limited her in at least one major life activity, including, but not limited to, working, sitting, lifting, and driving.

12. Defendant hired Patrick as a Long Term Care Options Counselor on or about February 11, 2014.

13. Patrick's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14. Patrick requested on several occasions that Defendant provide reasonable accommodations to her, including, but not limited to, leave time for her disability.

15. Defendant did not engage in the interactive process with Patrick and did not extend a reasonable accommodation to her.

16. Patrick engaged in statutorily-protected activities when she requested reasonable accommodations.

17. Patrick also advised Defendant that she would soon be having gall bladder surgery and may need leave time for her surgery.

18. On or about October 21, 2014, Patrick informed Defendant that she would need leave because of her disability and would be returning to work on or about October 27, 2014.

19. Rather than provide Patrick with a reasonable accommodation, Ann Edwards, the Case Management Director, terminated her upon her return to work on or about October 27, 2014.

20. Patrick received no progressive discipline and had no notice her employment was in

jeopardy.

21. Defendant terminated Patrick because of her disability, her record of a disability, its perception of her being disabled, and/or her engagement in statutorily-protected activities.

22. Defendant has accorded more favorable treatment to similarly-situated employees, who are not disabled, do not have a record of a disability, are not regarded as disabled by Defendant, and/or have not engaged in statutorily-protected activities.

23. All reasons proffered by Defendant for adverse actions taken by it regarding Patrick's employment are pretextual.

24. Patrick has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

25. Patrick hereby incorporates paragraphs 1-24 of her Complaint.

26. Patrick asked for a reasonable accommodation.

27. Defendant did not provide a reasonable accommodation to Patrick by the time of her termination.

28. Defendant took adverse employment actions against Patrick based on her disability, record of a disability, and/or its perception of her being disabled.

29. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Patrick's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

30. Patrick hereby incorporates paragraphs 1-29 of her Complaint.

31. Patrick engaged in statutorily-protected activities before her termination.

32. Defendant fired Patrick in retaliation for her engagement in statutorily-protected activities.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Patrick's rights as protected by ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Patrick, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Patrick to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Patrick;

3. Defendant pay compensatory and punitive damages to Patrick;

4. Defendant pay pre- and post-judgment interest to Patrick;

5. Defendant pay Patrick's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Patrick any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
             bwilson@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

  Plaintiff, Angela Patrick, by counsel, respectfully requests a jury trial for all issues deemed triable.

                Respectfully submitted,

                *s/ John H. Haskin*
                John H. Haskin, Attorney No. 7576-49